UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joseph Leon Zoller, | ) | C/A No. 8:26-cv-00706-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Moss Justice Detention Center, 16th Circuit | ) | |
| Solicitor's Office, Moss Justice Detention Center | ) | |
| Medical Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants violated his rights under the United States Constitution. When Plaintiff commenced this action, he was a pretrial detainee at the York County (Moss Justice) Detention Center. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated March 2, 2026, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may be able to cure the

pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 15. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. (emphasis omitted). Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A. *Id*.

The Court's Order regarding amendment was mailed to Plaintiff on March 2, 2026, to the York County Detention Center, where Plaintiff was incarcerated at the time he commenced this action. ECF No. 10.[1] That Order has not been returned as undeliverable. Plaintiff's amended complaint, or other response to the Order regarding amendment, was due March 23, 2026. *Id*. As of the date of this Report and Recommendation, the Court has not received any response from Plaintiff.

**Factual Allegations**

The Complaint, which was filed on the standard form for an action under 42 U.S.C. § 1983, makes the following allegations. ECF No. 1. As to the basis of the claims, Plaintiff asserts as follows, verbatim:

> Due rights process, doctor/client privilege, confidentiality, mass punishment for prayer, judicial misconduct.

---

[1] However, a review of the online booking information for the Detention Center indicates that Plaintiff may have been released from custody. *See* https://inmatesinjail. yorkcountygov.com/detentioncenter/inmatesinjail.aspx (search by Plaintiff's name) (last visited Mar. 30, 2026). He has not updated his address with the court.

*Id*. at 5.  Plaintiff alleges that from November 2025 through February 2026, medical refused to schedule follow up visits after surgery, nurse calls were performed and medications were distributed in the presence of other inmates, and mass punishment occurred for prayer resulting in three days of lockdown.  *Id*. at 6.  Plaintiff contends officials within the Sixteenth Judicial Circuit have failed to provide a preliminary hearing, discovery, or indictment.  *Id*.  Plaintiff alleges the Detention Center "did a mass punishment for individuals that [were] praying."  *Id*.  For his injuries, Plaintiff alleges he suffered physical pain, mental anguish, PTSD, and embarrassment.  *Id*. at 7. For his relief, Plaintiff seeks money damages.

The Court takes judicial notice that Plaintiff has been charged with failing to register for sex offender registry at case number 2025A4610100738 in the York County General Sessions.[2] *See State v. Zoller*, York County Sixteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/York/PublicIndex/PISearch.aspx (search by case number listed above) (last visited Mar. 30, 2026).  Based on a review of the York County Public Index, it appears that Plaintiff posted bond on February 20, 2026, which is why he does not appear to be incarcerated any longer at the Detention Center.

<u>**STANDARD OF REVIEW**</u>

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a

---

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Deliberate Indifference Standard**

A pretrial detainee's claims related to inadequate medical care are governed by the Fourteenth Amendment rather than the Eighth Amendment.  *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988)).  As the United State Court of Appeals for the Fourth Circuit held:

> To state a claim for deliberate indifference to a medical need, the specific type of deliberate indifference claim at issue in this case, a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).  "Objectively, the inmate's medical condition must be 'serious' — 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).  "[M]ere delay" in medical treatment, without more, is not deliberate

inference to a serious medical need.  *Moskos v. Hardee*, 24 F. 4th 289, 298 (4th Cir. 2022).

Differences of opinion between an inmate patient and medical staff over the course of medical

treatment are insufficient to state a claim of deliberate indifference.  *Wright v. Collins*, 766 F.2d

841, 849 (4th Cir. 1985) (finding inadequate treatment due to negligence, inadvertence, or

differences in judgment between an inmate and the medical personnel does not rise to the level of

a constitutional violation).  "Deliberate indifference is a very high standard – a showing of mere

negligence will not meet it."  *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Short*,

87 F.4th at 611–12 ("[I]t is still not enough for the plaintiff to allege that the defendant negligently

or accidentally failed to do right by the detainee.") (citing *Kingsley v. Hendrickson*, 576 U.S. 389,

396 (2015); *Brawner*, 14 F.4th at 596; *Gordon*, 888 F.3d at 1125; *Miranda*, 900 F.3d at 353–54).

## DISCUSSION

This action is subject to summary dismissal for the reasons below.

**Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute.  Plaintiff was directed to file an amended complaint in

accordance with this Court's Order dated March 2, 2026.  ECF No. 9.  The deadline to file an

amended complaint under the Court's Order was March 23, 2026.  *Id*.  Plaintiff was also directed

to bring the case into proper form in accordance with this Court's Proper Form Order also dated

March 2, 2026.  ECF No. 7.  Plaintiff has failed to bring the case into proper form and has also

failed to file an amended complaint.  It is unclear whether Plaintiff received the Court's Orders,

although the Orders have not been returned as undeliverable.  Plaintiff appears to have been

released from the Detention Center and he has not provided the Court with an updated address at which he receives his mail.[3]

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

---

[3] The standard form Complaint, which Plaintiff signed, contains the following attestation:

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

ECF No. 1 at 13.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed deadlines to pass without filing any responses. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. Because Plaintiff did not file a response to the Court's Orders, and has failed to file an amended complaint, it appears to the Court that Plaintiff wishes to abandon his case. Plaintiff has failed to prosecute this case and has failed to comply with the Orders of this Court. As Plaintiff has already ignored this Court's Orders and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Dismissal on the Merits**

In the alternative, this action is subject to dismissal for the reasons below.

### *Defendants Entitled to Dismissal*

The Defendants named in this action are entitled to summary dismissal. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *Detention Center*

The Detention Center is subject to dismissal because it is not a person subject to suit under § 1983. *Moccia v. Laurens Cnty. Det. Ctr.*, C/A No. 6:18-cv-2718-BHH-JDA, 2018 WL 5792329, at *2 (D.S.C. Oct. 16, 2018) (finding the Laurens County Detention Center was not a person subject to suit under § 1983), *R&R adopted by* 2018 WL 5787126 (D.S.C. Nov. 5, 2018). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). The Detention Center is a group of officers in a building and, as such, is not subject to suit under § 1983, or is a facility or building, which cannot be sued as a "defendant" in a § 1983 lawsuit. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), *aff'd in part, modified in part on other grounds, vacated in part on other grounds by* 203 F.3d 821 (4th Cir. 2000); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Williams v. Dorchester Cnty. Det. Ctr.*, 987 F. Supp. 2d 690, 696 (D.S.C. 2013); *Morrison v. Greenville Cnty. Det. Ctr.*, C/A No. 4:17-cv-2657-JMC-TER, 2017 WL 7732598, at *3 (D.S.C. Oct. 10, 2017), *R&R adopted by* 2018 WL 936383 (D.S.C. Feb. 16, 2018). Buildings and correctional institutions usually are not considered legal entities subject to suit. *See Harden*, 27 F. App'x at 178 (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building—the detention center—is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit). Accordingly, the Detention Center is entitled to dismissal.

10

### *Medical Department*

Plaintiff names the Medical Department of the Detention Center. To state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

However, "vague groups of unidentified individuals do not constitute 'persons' for purposes of § 1983." *Coffy v. Phyall*, C/A No. 2:23-cv-04484-BHH-MGB, 2024 WL 5693180, at *3 (D.S.C. Apr. 2, 2024), *R&R adopted by* 2024 WL 5693173 (D.S.C. May 10, 2024); *see also Barnes v. Bakersville Corr. Ctr. Med. Staff*, C/A No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Hayes v. Florence Cnty. Det. Ctr. Pers.*, C/A No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (same); *Lamb v. Does*, C/A No. 8:09-cv-322-CMC-BHH, 2009 WL 982586, at *2 (D.S.C. Apr. 9, 2009) (explaining, from a practical standpoint, that "staff" cannot be served until "specifically identified" in the complaint).

Additionally, lumping defendants together in "broad-brush allegations," as Plaintiff has done with the medical staff here, does not provide a sufficient factual basis to establish how each official personally deprived the plaintiff of a constitutional right. *See Allen v. City of Graham*, C/A No. 1:20-cv-997, 2021 WL 2037983, at *2, 5 (M.D.N.C. May 21, 2021); *Spivey v. Breckon*, C/A No. 7:20-cv-400-MFU-JCH, 2022 WL 2317448, at *3 (W.D. Va. June 28, 2022). Thus, Plaintiff cannot bring an actionable claim against the Detention Center's "Medical Department" under § 1983 and any such claims are therefore subject to summary dismissal.

### Sixteenth Circuit Solicitor's Office

Plaintiff names the Sixteenth Circuit Solicitor's Office as a Defendant.  Like the Medical Department, the Solicitor's Office is a department or group of people and is therefore not a person subject to suit under § 1983.  Further, any specific solicitor within the Solicitor's Office is entitled to prosecutorial immunity.  *Fishbourne v. Murdaugh*, C/A No. 3:24-cv-4472-JFA-WSB, 2024 WL 5452668, at *10 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2025 WL 465751 (D.S.C. Feb. 11, 2025), *cert. denied before judgment*, 146 S. Ct. 265 (2025), *reh'g denied*, No. 24-7458, 2026 WL 79712 (U.S. Jan. 12, 2026).  In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.  For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pretrial "motions" hearings, absolute immunity applies.  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009).  The alleged wrongful conduct of the Solicitor's Office is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff.  Therefore, the Solicitor's Office, and any individual solicitor within it, has absolute immunity from suit.  *See Dowdle v. Skinner*, C/A No. 6:12-cv-3253-DCN, 2013 WL 5771199, at *2 (D.S.C. Oct. 24, 2013); *Rhodes v. Seventh Cir. Solics. Off.*, C/A No. 9:09-cv-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) ("Even if the . . . Solicitor's Office could be construed as [a] 'person[ ]' under § 1983, . . . [the] Solicitor's Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that

office."). Accordingly, Plaintiff's claims against the Solicitor's Office is subject to dismissal on the basis of immunity.

### Supervisory Claims

To the extent any Defendants are named on the theory of supervisory liability, any such claims are subject to dismissal. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in her individual capacity only for his or her personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted). Plaintiff has failed to state a § 1983 claim against any Defendant based on a theory of supervisory liability because Plaintiff has failed to allege that they had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff. For these reasons, Defendants are entitled to dismissal from this action to the extent they are named in a supervisory capacity. *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB, 2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C. Apr. 10, 2025).

**Failure to State a Claim**

Plaintiff's Complaint fails to allege facts to state a claim for relief. Liberally construed, the Complaint appears to assert a claim for deliberate indifference to Plaintiff's serious medical needs and for due process violations.

### *Deliberate Indifference*

Plaintiff claims to have been denied follow up medical treatment, which the Court construes as asserting a claim that Plaintiff was subjected to deliberate indifference.[4] ECF No. 1 at 6. Plaintiff has failed to allege facts to support a claim for deliberate indifference.

Plaintiff has not identified any individual responsible for his medical care and treatment. *Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' . . . no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020). Because Plaintiff has not identified any individual responsible for the denial of medical care, the deliberate indifference claim fails.

Further, Plaintiff's allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F.

---

[4] To the extent Plaintiff is asserting a claim for medical malpractice, claims of negligence and malpractice are not cognizable in an action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Section 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200–03 (1989). Thus, any claim for medical malpractice fails as a matter of law.

Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

Plaintiff's cursory allegations, as presented in his Complaint, are insufficient to establish a claim of constitutional magnitude for deliberate indifference to a serious medical need. For example, although Plaintiff alleges that he was denied "follow ups after surgery" (ECF No. 1 at

15

6), he does not allege facts showing that he suffered injuries requiring any ongoing care. Indeed, Plaintiff has not alleged any facts describing the nature of any injuries or illnesses. Although Plaintiff alleges he did not receive treatment, he does not explain how that purported lack of treatment was insufficient or what further treatment or care he believes he is entitled to. "[A]n inmate's mere disagreement with medical providers about the proper course of treatment does not support [a deliberate indifference] cause of action." *Al-Haqq v. Mims*, C/A No. 2:24-cv-01899-DCC-MGB, 2025 WL 2917999, at *10 (D.S.C. July 15, 2025), *R&R adopted by* 2025 WL 2650392 (D.S.C. Sept. 16, 2025).

### *Due Process Violations*

Plaintiff's cursory assertions that his due process rights were violated lacks sufficient factual allegations to establish a claim for relief. *See Hicks v. Berkeley Cnty.*, C/A No. 2:26-cv-00111-RMG-WSB, 2026 WL 288374, at *9 (D.S.C. Jan. 14, 2026), *R&R adopted by* 2026 WL 286568 (D.S.C. Feb. 3, 2026). Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678). Plaintiff has failed to present sufficient factual allegations to establish a cognizable federal law claim. Critically, as discussed above, Plaintiff has not identified any person acting under color of state law who is amenable to suit and not immune that is alleged to have violated Plaintiff's constitutional rights.

Further, to the extent Plaintiff's due process claim is an attempt to challenge Plaintiff's pending charges in the York County Court of General Sessions, his federal law claims are not properly before this Court under the *Younger* abstention doctrine. Plaintiff alleges that his due

16

process rights were violated in that he was not afforded a preliminary hearing, discovery, or an indictment. ECF No. 1 at 6. It appears that these allegations are an attempt to challenge Plaintiff's arrest, incarceration, and/or pending charges in the state courts. To the extent Plaintiff is attempting to challenge any state court proceedings, this Court should abstain.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met because Plaintiff appears to be involved in pending state court proceedings in the court of general sessions court. *Gerard v. George*, C/A No. 7:25-cv-4276-DCC-WSB, 2025 WL 2164754, at *14 (D.S.C. May 30, 2025), *R&R adopted by* 2025 WL 2164820 (D.S.C. July 30, 2025). The second criterion is also met, because state court criminal matters implicate important state interests. The third criterion is satisfied because Plaintiff can address many of his claims in the pending proceedings before the South Carolina state courts. Because this case meets all three criteria for abstention under *Younger*, this Court should abstain from considering Plaintiff's claims related to any pending state court matters.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action under Rule 41(b) for failure to prosecute or, in the alternative, for failure to state a claim, without further leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

March 30, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).