**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Joseph Leon Zoller, | Case No. 8:26-706-RMG |
| Plaintiff, | |
| v. | |
| Moss Justice Detention Center, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13) recommending that this action be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) or, in the alternative, for failure to state a claim.

Plaintiff filed a complaint pro se and in forma pauperis under 42 U.S.C. § 1983 while a pretrial detainee at York County (Moss Justice) Detention Center. (Dkt. No. 1). The Court issued a proper form order on March 2, 2026, informing Plaintiff that he must always keep the Clerk informed of his current address. (Dkt. No. 7 at 3). The Court also issued an order informing Plaintiff that his original complaint was subject to dismissal in its current state but providing Plaintiff with an opportunity to submit an amended complaint to correct the deficiencies noted therein. (Dkt. No. 9). Neither order was returned undeliverable though it appears Plaintiff posted bond on February 20, 2026. (Dkt. No. 13 at 3). Plaintiff has been charged with failing to register for the sex offender registry in York County. (*Id.*).

Plaintiff did not file an amended complaint, and the Magistrate Judge issued the instant R&R recommending that this action be dismissed with prejudice for failure to prosecute. In the alternative, the R&R detailed why Plaintiff's complaint should be dismissed for failure to state a

1

claim. (Dkt. No. 13). The copy of the R&R mailed to Plaintiff's address on file was returned undeliverable. (Dkt. No. 16). To date, Plaintiff has not updated the Court of his current address nor filed objections to the R&R.

The Court adopts the R&R and dismisses this action with prejudice and without leave to amend. As noted above, Plaintiff has failed to comply with numerous court orders—he has not kept the Clerk appraised of his current address nor has he filed an amended complaint correcting the defects the Court initially identified for him. (Dkt. No. 9); *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978). Further, for the reasons outlined in the R&R, Plaintiff's complaint for "due process rights, doctor/client privilege, confidentiality, mass punishment for prayer, [and] judicial misconduct," fails to state a claim. (Dkt. No. 13 at 2, 9-17). As discussed in detail in the R&R, the named entities in Plaintiff's complaint are not "persons" for purposes of § 1983 and entities like the Solicitor's Office have prosecutorial immunity. (*Id.* at 9-13) (noting entities like the "Detention Center" and "Medical Department" are not persons under § 1983 and that the "Sixteenth Circuit Solicitor's Office" is not a person and further would be entitled to absolute immunity from suit); *see also* (*id.* at 13-18) (explaining why any supervisory liability claims would fail and why Plaintiff's deliberate indifference and due process claims are inadequately pled and would be barred by *Younger v. Harris*). In sum, the Court dismisses Plaintiff's complaint with prejudice and without leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 21, 2026
Charleston, South Carolina

2